*J. C. Walker* for plaintiff: *Harlan & Craddock* for defendants.

*PECK*
*vs*
*WHITNEY.*

The defendant in an execution is a necessary party to a motion to quash a sale for irregularity.

---

## Peck *vs* Whitney.

### ERROR TO THE BARREN COUNTY COURT.
### *Jurisdiction. Roads.*

JUDGE BRECK delivered the opinion of the Court.

THIS writ of error is prosecuted to reverse an order of the Barren County Court, establishing a road, on motion of the defendant, running over land of the plaintiff in error. That an appeal or writ of error will lie directly from the County Court, in a case like this, *upon a matter of law*, was settled by this Court, in *Casey, &c.* vs *Myers,* (6 *Dana*, 330.)

The sufficiency of the original order appointing viewers, is the first question presented by the assignment of errors.

MOTION.

*Case 26.*

Oct 8.

Writ of error may be brought directly to this Court from orders of County Courts establishing roads.

PECK
vs
WHITNEY.

The order directs the viewers "to view the rout for a road from the nearest point on the Gallatin road, to said Whitney's Mill to the mouth of the Alder Spring branch, thence up the creek to the Mill, and that they report to the Court the conveniencies and inconveniencies which will result to the public and to individuals." We perceive no valid objection to this order, but think it is substantially in compliance with the requisitions of the statute.

2d. It is insisted that the report of the viewers is defective and insufficient.

The report of viewers appointed to view a way for opening a new road, held defective, in not stating the conveniencies to the public, and inconveniencies to the owner of the soil, and in not extending the view as far as ordered.

The County Ct. has no discretion in withholding a writ of *ad quod damnum,* asked by the owner of the soil over which a road is proposed.

The report does not specifically set out the advantages and conveniencies, which will result to the community, from the establishment of the road, nor the particular inconvenience and disadvantage it will be to Peck. This should have been done; but it is fatally defective in not extending the view further than the mouth of *the branch.* The order directed the way to be viewed to the mouth of the *Alder Spring branch, thence up the creek to the Mill.*

3d. It is contended, and we are of opinion the Court erred, in refusing to direct a writ of *ad quod damnum* on motion of Peck. The proposed road was to run over his land, and he was entitled to the writ, as matter of right. The record shows that he appeared in Court when the case came on for hearing, and demanded it, and the Court had no discretion in withholding it. The statute upon the subject is imperative, (2 *Stat. Laws,* 1394.)

The order establishing the road is, therefore, reversed, and the cause remanded, with directions to quash the report of the viewers, and for further proceedings.

*Ellis* for plaintiff.